UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THE INDEPENDENCE PROJECT, INC., a
New Jersey Non Profit Corporation, and
RONALD MOORE, Individually,

                                  Plaintiffs,

          -against-

NEW YORK STATE OFFICE OF PARKS,
RECREATION and HISTORIC
PRESERVATION, an Agency of the
Executive Branch of New York State, and
LIVE NATION WORLDWIDE, INC., a
Delaware Corporation,

                                  Defendants.
----------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAR 20 2015   ★

LONG ISLAND OFFICE

ORDER

CV 13-3389

(Wexler, J.)

      This is disability discrimination action in which the Plaintiffs, The Independence Project, Inc. and Ronald Moore, allege that Defendants, the New York State Office of Parks, Recreation and Historic Preservation (the "State") and Live Nation Worldwide, Inc. ("Live Nation"), failed to comply with the requirements of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. ("ADA"), in the maintenance and operation of the facilities located at the Nikon at Jones Beach Theater, which is owned by the State and operated and maintained by Live Nation. Plaintiffs bring their claims pursuant to the ADA and Section 296(2)(a) of the New York Executive Law. Presently before the Court are the parties' cross-motions for summary judgment.

      Defendants' motion for summary judgment is granted solely with respect to any claim Plaintiffs may be asserting against the State to enforce the self-evaluation and transition plan provisions contained in the regulations implementing Title II of the ADA, codified at 28 C.F.R.

§§ 35.105 and 35.150(d). (Am. Compl. ¶¶ 13-14.) As Defendants point out in their motion, there is no private right of action to enforce either the self-evaluation or the transition plan regulation. (Def. Mem. of Law in Supp. 16.) Plaintiffs acknowledge this fact in their opposition to Defendants' motion, stating that they "will not be pursuing enforcement of any self-evaluation and transition plan regulations." Accordingly, Defendants are granted summary judgment solely with respect to this claim.

With respect to Defendants' arguments concerning the standing of Plaintiffs to bring this action, the Court finds that Plaintiffs have demonstrated sufficient standing. While Defendants argue that Plaintiff Moore is not a bona fide patron, but rather a "tester," whose sole purpose in visiting the Nikon at Jones Beach Theater was to evaluate its compliance with the ADA, the Amended Complaint and Moore's affidavit both state that Moore has attended concerts at the Jones Beach Theater several times in the past few years and desires to be able to attend future ones as well. (Am. Compl. ¶ 6; Moore Aff. ¶ 4.) Accordingly, Moore has standing to bring this action. Moreover, the Court finds that Independence Project, Inc. has "associational" or "representational" standing to sue in its own name because its members - e.g., Moore - have standing to sue, the interests it seeks to protect are germane to its organizational purpose and the claims asserted and the relief requested - i.e., injunctive relief - do not require participation of the individual members. See Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977).

Having reviewed the papers in support of and in opposition to the motions for summary judgment, the Court finds that genuine issues of material fact exist with respect to the remainder of Plaintiffs' disability discrimination claim. Such issues of fact preclude the entry of summary judgment at this time. The parties may renew their arguments at the time of trial.

Accordingly, Defendant's motion for summary judgment is granted in part and denied in part, as set forth above, and Plaintiffs' cross-motion for summary judgment is denied. Jury selection will take place, as scheduled, on June 8, 2015.

**SO ORDERED:**

Dated: Central Islip, New York
 March 20, 2015

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
United States District Judge